## UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF CONNECTICUT

**IN RE:**
Ronald E. Massie
           Debtor,

Ronald E. Massie,
Appellant,

v.

Notice
U.S. Trustee

Wells Fargo Bank, National Association,
Appellee,

Roberta Napolitano,
           Interested Party.

Civil Action No. 3:20-cv-00740-VAB

Date:  December 23, 2020

### MOTION TO DISMISS APPEAL

Despite notice, Debtor-Appellant Ronald E. Massie ("Debtor") has failed to pay the required filing fee for his appeal of the order dismissing the adversary proceeding in his Chapter 13 bankruptcy case.  During the past more than six months, he has also failed to complete the other needed steps to prosecute his appeal by timely filing a designation of the record in the proper court.  His status as a *pro se* litigant does not excuse these missteps.  Defendant-Appellee Wells Fargo Bank, N.A. ("Wells Fargo") accordingly moves to dismiss Debtor's appeal pursuant to Fed. R. Bankr. P. 8013 and D. Conn. L. Civ. R. 7(a).

### Background and Procedural History

Debtor filed a Chapter 13 petition in the United States Bankruptcy Court for the District of Connecticut (the "Bankruptcy Court"), which was captioned as *In re Ronald E. Massie*, Case

1

#: 19-51593 (Bankr. D. Conn.) (the "Bankruptcy Case") (Docket attached as Exhibit A).[1]

Following the filing of bankruptcy schedules and holding a meeting of creditors, the Chapter 13

Trustee filed a "Motion to Dismiss Case Ineligibility for Chapter 13 *with a Two Year Bar.*"  *See*

CM/ECF 40 in Case #: 19-51593 (Exhibit B, without its exhibits).  The Trustee also filed an

Objection to confirmation of Debtor's amended Chapter 13 Plan, as did Wells Fargo as the

secured creditor holding a first mortgage on his residence in Darien, Connecticut (the

"Property").  *See* CM/ECF 30 & 41 in Case #: 19-51593 (Exhibit C).

Wells Fargo also filed a motion for relief from the automatic stay in order to foreclose its

first mortgage on the Property, which was the object of a judicial foreclosure action pending in

the Connecticut Superior Court, Judicial District of Norwalk at Stamford, until the Bankruptcy

Case automatically stayed it on the eve of the post-judgment foreclosure sale.  *See* CM/ECF 55

in Case #: 19-51593 (Exhibit D, without its exhibits).  Debtor responded by filing an adversary

Complaint against Wells Fargo in his Bankruptcy Case asserting mortgage foreclosure and

servicing claims; it was captioned as *Ronald E. Massie v. Wells Fargo Bank, National Ass'n*,

A.P. #: 20-05012 (the "Adversary Proceeding").  *See* CM/ECF 56 in Case #: 19-51593 (Exhibit

E); Docket in Case #: 20-05012 (Exhibit F).

Following a hearing, the Bankruptcy Court granted the Trustee's motion in an 11-page

"Memorandum of Decision and Order Granting Motion to Dismiss Case with Prejudice" (the

"Dismissal Order").  *See* Dismissal Order at 1-11 (CM/ECF 59 in Case #: 19-51593) (Exhibit G).

The Dismissal Order noted that under his amended Chapter 13 Plan, Debtor proposed to retain

the Property even though he had not scheduled Wells Fargo's secured first mortgage debt of over

$4.7 million, while the Property was valued at only $3.2 million.  *See id.* at 1-2.  The Bankruptcy

[1] Copies of cited docket entries and filings in the Bankruptcy Court only are attached as Exhibits.

Court held that Debtor's amended Chapter 13 Plan was not feasible because treating Wells

Fargo's secured claim would require sixty monthly plan payments of over $108,000 each, while

he reported monthly income of only $1,550.  *See id.* at 8.  It also concluded that Debtor was

ineligible for relief under Chapter 13 of the Bankruptcy Code because his secured debt amount

well-exceeded the statutory limit.  *See id.* at 3-6.  It ordered his Bankruptcy Case dismissed with

prejudice and imposed a two-year bar order on future bankruptcy filings, because his petition had

no legitimate purpose other than to wrongfully stay Wells Fargo's scheduled foreclosure sale of

the Property and his amended Chapter 13 Plan was not confirmable.  *See id.* at 6-10.

 The Bankruptcy Court also dismissed the Adversary Proceeding for lack of jurisdiction

because its claims were moot.  *See id.* at 10-11; *see also* CM/ECF 5 in Case #: 20-05012 (Exhibit

F).  It closed the Adversary Proceeding in May 2020.  *See* CM/ECF 9 in Case #: 20-05012

(Exhibit F).  Debtor filed a notice of appeal to the District Court.  *See* CM/ECF 10 in Case #: 20-

05012 (Exhibit H).  The Bankruptcy Court's May 28, 2020 notice of appeal docket entry noted

that the required "Fee Amount of $298 [was] not paid" by Debtor.  *Id.* (Exhibit F).  It further

noted that "Appellant designation or Joint Statement due by 6/11/2020," *id.*, reflecting Rule

8009's requirements that he must "file with the *bankruptcy clerk* and serve on the appellee a

designation of the items to be included in the record on appeal and a statement of the issues to be

presented," Fed. R. Bankr. P. 8009(a) (emphasis added), "within fourteen days after" his notice

of appeal became effective under Rule 8002.  Fed. R. Bankr. P. 8009(b).  Under that rule,

Debtor's notice of appeal became effective on its filing date because it was taken from the

judgment and order dismissing his Bankruptcy Case and Adversary Proceeding.  *See* Fed. R.

Bankr. P. 8002(a).  On June 1, 2020, the Bankruptcy Court clerk transmitted the notice of appeal

to the District Court.  *See* CM/ECF 11-1 in Case #: 20-05012 (Exhibit I).

The District Court docketed the appeal on that date, and sent a transmittal form to the Bankruptcy Court clerk. *See* CM/ECF 1 & 2 in Civil Action No. 3:20-cv-00740-VAB. It also issued the following notice:

> NOTICE TO COUNSEL/SELF-REPRESENTED PARTIES: A notice of appeal was transmitted by the U.S. Bankruptcy Court on 06/1/2020 and entered on the docket on 06/1/2020. The appellant and appellee shall comply with Bankruptcy Rule 8009. Within 14 days, the appellant shall file a notice with this Court either that appellant has filed with the Bankruptcy Court a designation and statement in accordance with Bankruptcy Rule 8009(a)(1)(B), or that the parties have prepared an agreed statement in accordance with Bankruptcy Rule 8009(d), and attach to the notice a copy of such filing. Failure to comply with this notice may result in the case being dismissed.
> Designation Notice due by: 6/15/2020.
> Signed by Judge Victor A. Bolden on 06/1/2020.(Fazekas, J.) (Entered: 06/01/2020)

CM/ECF 5 in Civil Action No. 3:20-cv-00740-VAB.

Rather than file a designation of the record and statement of the issues with the clerk of the Bankruptcy Court by June 11, 2020 as required, Debtor made a filing on June 15, 2020 with the District Court—the wrong court. *See* CM/ECF 6 in Civil Action No. 3:20-cv-00740-VAB. Debtor's filing *was not* an agreed statement under Rule 8009(d), as it was made and signed solely by him as the appellant. *See id.*; Fed. R. Bankr. P. 8009(d). The Bankruptcy Court issued a notice on June 17, 2020 that Debtor had not complied with Fed. R. Bankr. P. 8009 due to his failure to file a designation of record and statement of issues in that court by the due date, and also noted that his $298 appeal fee remained unpaid. *See* CM/ECF 13 in Case #: 20-05012 (Exhibit F); CM/ECF 7 in Civil Action No. 3:20-cv-00740-VAB. Debtor still has not paid his notice of appeal filing fee, nor has he cured the misfiling of his designation of record and statement of issues required by Rule 8009 in the proper court—the Bankruptcy Court. Wells Fargo now moves to dismiss this appeal for Debtor's failure to pay his notice of appeal filing fee,

4

as well as his failure to prosecute the appeal diligently by filing a designation of record items in the proper court.

## Legal Standard

An appellant's *pro se* status does not excuse his non-compliance with the rules of practice.  It is axiomatic that "*pro se* litigants generally are required to inform themselves regarding procedural rules and to comply with them."  *Edwards v. INS*, 59 F.3d 5, 8 (2d Cir. 1995) (citing, *inter alia*, *McNeil v. U.S.*, 508 U.S. 106, 1113 (1993) ("[W]e have never suggested that procedural rules in ordinary civil litigation should be interpreted so as to excuse mistakes by those who proceed without counsel."); *Faretta v. California*, 422 U.S. 806, 834 n.46 (1975) ("The right of self-representation is not a license . . . not to comply with relevant rules of procedural and substantive law."); *Swimmer v. IRS*, 811 F.2d 1343, 1345 (9th Cir. 1987) ("Ignorance of court rules does not constitute excusable neglect, even if the litigant appears *pro se*.")).

Rule 8003(a) of the Bankruptcy Rules provides, in relevant part, that:

* * *
(2) *Effect of Not Taking Other Steps*. An appellant's failure to take any step other than the timely filing of a notice of appeal does not affect the validity of the appeal, but is ground only for the district court or BAP to act as it considers appropriate, including dismissing the appeal.

(3) *Contents*. The notice of appeal must:
    * * *
    (C) be accompanied by the prescribed fee.

Fed. R. Bankr. P. 8003(a).

Additionally, Rule 8009(a)(1) of the Bankruptcy Rules provides post-filing appeal obligations of the appellant, including:

(A) The appellant must file with the bankruptcy clerk and serve on the appellee a designation of the items to be included in the record on appeal and a statement of the issues to be presented.

(B) The appellant must file and serve the designation and statement within 14 days after:

(i) the appellant's notice of appeal as of right becomes effective under Rule 8002; or

(ii) an order granting leave to appeal is entered.

Fed. R. Bankr. P. 8009(a)(1)(A)-(B).

An appellant's failure to timely comply with these procedural requirements, after the court's "first giving [the appellant] notice and opportunity to respond" to the deficiency, is a proper discretionary ground for the court to dismiss an appeal for lack of diligent prosecution. *See In re Harris*, 464 F.3d 263, 269-70 (2d Cir. 2006) (citing *In re Lynch*, 430 F.3d 600, 605 (2d Cir. 2005) (per curiam)); *see also Michalek v. Ring*, 131 F.3d 131 (2d Cir. 1997) (unpublished) (affirming district court's dismissal of a bankruptcy appeal based on the appellant's failure to pay its filing fee, after he was sent a certificate of noncompliance stating that the fee was not paid); *In re Fernicola*, No. 6:07-CV-151 (GLS), 2007 WL 894270, at *1 (N.D.N.Y. Nov. 21, 1997) (*sua sponte* dismissal of bankruptcy appeal for failure to pay filing fee). "[A] court should exercise its discretion given the factual circumstances of a particular case. Nevertheless, courts should endeavor to explain why it is in the interest of justice to all parties . . . to dismiss a bankruptcy appeal on procedural grounds rather than to continue to the merits of the appeal." *In re Harris*, *supra*, at 272. "[B]ecause dismissal is a harsh sanction, moreover, [the Second Circuit] generally requires a district court to consider whether a lesser sanction would be appropriate." *Id*.

**Argument**

THIS COURT SHOULD DISMISS DEBTOR'S APPEAL BECAUSE HE FAILED TO
PAY THE REQUIRED FILING FEE, DID NOT FILE A DESIGNATION OF RECORD
ITEMS IN THE PROPER COURT, AND DESPITE NOTICE FROM THE COURT
HAS FAILED TO CURE THESE DEFICIENCIES FOR MORE THAN SIX MONTHS.

I.    Debtor's failure to pay the required appeal filing fee warrants dismissal of his appeal.

Rule 8003 of the Bankruptcy Rules mandates payment of the filing fee as a required

element of the "[c]ontents" of the notice of appeal.  Fed. R. Bankr. P. 8003(a)(3).  Debtor,

however, failed to tender the required filing fee when he filed his notice of appeal.  The clerk of

the Bankruptcy Court noted the non-payment of the filing fee on its docket at the time of filing,

*see* CM/ECF 10 in Case #: 20-05012 (Exhibit F), and then transmitted the notice of appeal to this

Court.  *See* CM/ECF 1 & 2 in Civil Action No. 3:20-cv-00740-VAB.  The clerk in Adversary

Proceeding Case #: 20-05012 also issued a notice on June 17, 2020 to Debtor that he had not

complied with Rule 8009's designation of record requirement and highlighted that his $298

appeal filing fee remained unpaid.  *See* CM/ECF 13 in Case #: 20-05012 (Exhibit F).  The

Bankruptcy Court's docket entry that it had provided notice to Debtor was also carried over onto

this Court's docket.  *See* CM/ECF 7 in Civil Action No. 3:20-cv-00740-VAB.  More than six

months have since passed without Debtor curing this deficiency by paying his appeal's filing fee.

Debtor's failure to pay his filing fee, despite notice and an opportunity to cure, provides

sufficient grounds for the court to exercise its discretionary authority to dismiss the appeal.  In

*Michalek*, the Second Circuit in an unpublished decision affirmed the District Court's exercise of

its discretion to dismiss a bankruptcy appeal after the appellant, a *pro se* prisoner, had been

notified of his non-payment and then failed to pay the fee or seek a fee waiver due to his

indigency.  131 F.2d 131.  Here, the Bankruptcy Court notified Debtor that his required filing fee

of $298 remained unpaid more than two weeks after he filed his notice of appeal.  *See* CM/ECF

13 in Case #: 20-05012 (Exhibit F); CM/ECF 7 in Civil Action No. 3:20-cv-00740-VAB.  More

than six months later, Debtor still has not paid his filing fee.  An appeal cannot proceed without

the payment or the court's excusal of the payment of the filing fee, and therefore no remedy

lesser than dismissal for this failure is warranted.[2]  This Court should exercise its discretion to

dismiss the appeal on this ground alone.

II.    Debtor's failure to file a designation of record items with the clerk of the Bankruptcy
       Court, as required by Rule 8009, also warrants dismissal of his appeal.

Additional and independent grounds warrant dismissal of the appeal.  To comply with

Rule 8009(a)(1)(A)-(B), Debtor was required to file with the clerk of the Bankruptcy Court a

designation of the record and statement of issues to be raised on appeal within 14 days of May

28, 2020—i.e., by June 11, 2020.  Fed. R. Bankr. P. 8009(a)(1)(A)-(B).  Debtor failed to do so.

Rather, he made a non-compliant filing in the District Court on June 15, 2020.  *See* CM/ECF 6 in

Civil Action No. 3:20-cv-00740-VAB.  This misdirected filing did not expressly designate by

docket number the items in the Bankruptcy Court's record for this appeal.  *See id.* at 3 (stating

only that "Case History Documents" should constitute the record).  By failing to make a

compliant filing with the clerk of the Bankruptcy Court, the record could not be promptly

prepared and transmitted to this Court for the appeal as anticipated by Rule 8009.  *See* Fed. R.

Bankr. P. 8009.

---

[2] In *Michalek*, the Second Circuit expressly noted that the appellant, who was a Chapter 7 debtor, also failed to promptly file a motion seeking *in forma pauperis* ("IFP") status to have his notice of appeal filing fee waived.  *Id.*  That consideration has no application here.  Debtor has appealed an order and judgment in a Chapter 13 bankruptcy case, not a Chapter 7 case.  As such, seeking IFP status to have his filing fee waived would not be available to Debtor because, as other courts have held, indigency is patently inconsistent with the object of a Chapter 13 reorganization plan to pay a portion of defaulted debts over time.  *See Bastani v. Wells Fargo Bank, N.A.*, 960 F.3d 976, 977-78 (7th Cir. 2020) (affirming district court's order denying appellant's motion to waive the appeal filing fee in a Chapter 13 case due to purported IFP status, and dismissing appeal because the fee remained unpaid).

The Bankruptcy Court subsequently issued a notice on June 17, 2020 that "[n]o Designation/Agreed Statement Filed 20-740(VAB)," which went on to note that the transmission of the record to the clerk of the District Court was due by June 29, 2020.  *See* CM/ECF 13 in Case #: 20-05012 (Exhibit F); CM/ECF 7 in Civil Action No. 3:20-cv-00740-VAB; *see also* Fed. R. Bankr. P. 8009.  Following this notice, Debtor did not correct his misfiling, or refile it in the proper court—the Bankruptcy Court.  Debtor also failed to file with the clerk of the Bankruptcy Court (or in this Court, as he had done previously) copies of any order forms for transcripts of proceedings to include in the appellate record, or a certificate stating that he was not ordering any such transcripts; those forms or the alternative certificate of no transcripts were due to be filed in the Bankruptcy Court by the same date.  *See* Docket in Case #: 20-05012 (Exhibit F); Fed. R. Bankr. P. 8009(b)(1)(A)-(B) (the "appellant must file" a copy of transcript order forms or a certificate that no transcripts were ordered "within the time period prescribed by subdivision (a)(1)").

In a June 1, 2020 notice, the Court expressly warned Debtor that non-compliance with the requirements of Rule 8009 may result in dismissal of his appeal:  "Failure to comply with this notice [addressing Rule 8009 obligations] may result in the case being dismissed."  CM/ECF 5 in Civil Action No. 3:20-cv-00740-VAB.  More than six months later, Debtor still has not complied with Rule 8009 by filing a designation of the items to be included in the appellate record with the clerk of the Bankruptcy Court, nor has he filed transcript order forms (or a certificate that no transcripts were needed) for this appeal.  *See* CM/ECF 13 in Case #: 20-05012; Docket in Case #: 20-05012 (Exhibit F).

Such unexcused delay in prosecuting the appeal, after Debtor's ignoring of the Court's warning that dismissal may result if not remedied, standing alone or in combination with his non-

9

payment of the appeal's filing fee, justifies the Court in concluding that lesser sanctions than

dismissal are insufficient, and in dismissing the appeal.  *See In re Lynch*, 430 F.3d at 602-05

(affirming district court's exercise of its discretion to dismiss a bankruptcy appeal for appellant's

failure to timely file the designation of record); *c.f. In re Harris*, 464 F.3d 263, 269-72 (2d Cir.

2006) (vacating district court's dismissal of bankruptcy appeal based upon procedural

deficiencies, because prior notice of possible dismissal had not been provided and the court did

not consider a lesser sanction).

### Conclusion

WHEREFORE, the Court should exercise its discretion to dismiss the appeal, and in

doing so, per the Second Circuit's decision in *In re Harris*, explain in its order that the dismissal

is in the interest of justice and that a lesser sanction would not be appropriate, for the reasons

discussed herein.


DATED: December 23, 2020                     Respectfully submitted,

                                             **WELLS FARGO BANK, NATIONAL
                                             ASSOCIATION**

                                             By its attorneys,


                                             By: */s/ David Bizar*  _____
                                                  David Bizar
                                                  dbizar@seyfarth.com
                                                  SEYFARTH SHAW LLP
                                                  Seaport East
                                                  Two Seaport Lane, Suite 300
                                                  Boston, MA 02210-2028
                                                  Telephone: (617) 946-4874
                                                  Facsimile:  (617) 790-5368

                                                  Attorney for Defendant-Appellee

## <u>CERTIFICATE OF COMPLIANCE WITH FED. R. BANKR. P. 8015(h)</u>

Pursuant to Rules 8013(f)(2)-(3) and 8015(h) of the Federal Rules of Bankruptcy Procedure, I hereby certify that this document complies with a paper version of a motion regarding covers, line spacing, margins, type face and type style, and that it complies with the length limit by not exceeding 5,200 words.

*/s/ David M. Bizar*_____
David M. Bizar

## <u>CERTIFICATE OF SERVICE</u>

I hereby certify that on December 23, 2020, a copy of the foregoing document was filed electronically through the Court's CM/ECF system. Notice of this filing will be sent by email to all parties by operation of the Court's electronic filing system or by mail as indicated on the Notice of Electronic Filing. Parties may access this filing through the Court's CM/ECF system. A copy was also sent by first class mail, postage prepaid, on this date to the Debtor-Appellant, as follows:

Ronald E. Massie
451 Mansfield Avenue
Darien, CT 06820

*/s/ David M. Bizar*_____
David M. Bizar