UNITED STATES DISTRICT COURT
DISTRICT OF CONNECTICUT

RONALD MASSIE,
    *Appellant*,

v.

Notice
U.S. TRUSTEE,

WELLS FARGO BANK, N.A.,
    *Appellee*,

ROBERTA NAPOLITANO,
    *Interested Party*.

No. 3:20-cv-00740 (VAB)

**RULING AND ORDER ON MOTION TO DISMISS BANKRUPTCY APPEAL**

Ronald Massie ("Debtor" or "Appellant") filed for bankruptcy under Chapter 13 of 11 U.S.C. §§ 101 *et seq*. ("Chapter 13"). The Bankruptcy Court found that Mr. Massie was not eligible to be a Chapter 13 debtor and that cause existed to dismiss Mr. Massie's case with prejudice because it was filed without a legitimate bankruptcy purpose and he could not propose a confirmable Chapter 13 plan. *See In re Massie*, No. 19-51593, ECF No. 40 (May 14, 2020) ("Bankruptcy Order") (attached as Ex. G to Wells Fargo Bank, N.A.'s Motion to Dismiss Appeal, ECF No. 9 (Dec. 23, 2020) ("Mot. to Dismiss")). The Bankruptcy Court therefore dismissed the case with prejudice and denied as moot several other pending motions, including Mr. Massie's motion for an emergency stay given the COVID-19 pandemic. *Id.* at 10.

This appeal, filed *pro se*, raises whether the Bankruptcy Court "condoned . . . fraud upon the court"; denied Mr. Massie's right to due process by allegedly denying him the right to be heard in a related adversary proceeding; erred in concluding that claimant Wells Fargo Bank, N.A. ("Wells Fargo") had standing to apply for relief from an automatic stay; or erred in

permitting Wells Fargo to file a certain proof of claim. Notice of Appeal and Statement of Election to Have the Appeal Heard by the U.S. District Ct., ECF No. 1 (May 28, 2020) ("Notice of Appeal").

Wells Fargo has moved to dismiss the appeal on the ground that Mr. Massie failed to pay the required filing fee for his appeal or timely file a designation of the record in the proper court. *See* Mot. to Dismiss.

Mr. Massie also has moved for a continuance of the case. *See* Mot. for Continuance in All Matters Under the A.D.A., ECF No. 15 (Mar. 5, 2021) ("Mot. to Continue").[1]

For the reasons discussed below, the Court **GRANTS** Wells Fargo's motion to dismiss and **DENIES** Mr. Massie's motions to continue the proceedings. Given Mr. Massie's alleged health issues, however, the Court *sua sponte* extends the time for Mr. Massie to file a motion for reconsideration of this Order until **May 28, 2021**.

**I.    FACTUAL AND PROCEDURAL BACKGROUND**

On December 6, 2019, Mr. Massie filed a voluntary petition for relief under Chapter 13. *In re Massie*, No. 19-51593, ECF No. 1 (Dec. 6, 2019).

That same day, the Bankruptcy Court issued a deficiency notice regarding Mr. Massie's failure to file a Chapter 13 Plan with his petition. *Id.*, ECF No. 5 (Dec. 6, 2019).

On December 20, 2019, Mr. Massie filed a Chapter 13 Plan. *Id.*, ECF No. 13 (Dec. 20, 2019).

On January 6, 2020, Mr. Massie filed a First Amended Chapter 13 Plan. *Id.*, ECF No. 22 (Jan. 6, 2020) ("First Am. Plan"). In his First Amended Plan, Mr. Massie proposed to retain property in Darien, Connecticut (the "Property" or his "principal residence"). *Id.* The Property is

---

[1] Though there are two pending motions to continue on the docket, *see* ECF Nos. 15 & 17, these motions appear to be identical.

the subject of a Judgment of Foreclosure by Sale entered in August 2019. Bankruptcy Order at 1-2. The Judgment of Foreclosure by Sale found that, as of August 12, 2019, the debt owed to Wells Fargo by Mr. Massie was $4,785,353.80 and the value of the Property was $3,200,000.00. *Id.* at 2.

On March 13, 2020, the Chapter 13 Trustee, Roberta Napolitano (the "Trustee"), filed a motion to dismiss the case with prejudice. Mot. to Dismiss with Prejudice, *In re Massie*, No. 19-51593, ECF No. 40 (Mar. 13, 2020) (attached as Ex. B to Mot. to Dismiss). The Trustee sought to bar Mr. Massie from filing a case under any chapter of the Bankruptcy Code for a period of two years. *Id.* The Trustee also objected to the confirmation of the First Amended Plan, arguing that Mr. Massie (1) did not make required payments to the Trustee; (2) did not provide the Trustee with evidence of his income for the six months prior to the filing of his Chapter 13 case; and (3) failed to provide the Trustee with a real property valuation of his principal residence, as well as that the First Amended Plan did not properly address Wells Fargo's claim, and that the First Amended Plan was not feasible because Mr. Massie's income needed to fund the Plan was insufficient to cure the debt owed to Wells Fargo. Obj. to Confirmation of Plan, *Id.*, ECF No. 41 (Mar. 13, 2020) (attached as Ex. C to Mot. to Dismiss).

On March 30, 2020, Mr. Massie objected to the motion to dismiss. Obj., *Id.*, ECF No. 46 (Mar. 30, 2020).

That same day, he moved to stay the case until October 2, 2020, given the COVID-19 pandemic. Emergency Mot. for Stay, *Id.*, ECF No. 45 (Mar. 30, 2020).

On April 27, 2020, Wells Fargo moved for relief from the automatic stay to foreclose its first mortgage on the Property. Mot. for Relief from Automatic Stay (Real Property), *Id.*, ECF No. 55 (Apr. 27, 2020) (attached as Ex. D to Mot. to Dismiss).

That same day, Mr. Massie filed an adversary proceeding against Wells Fargo setting forth foreclosure and servicing claims. Compl., *Massie v. Wells Fargo Bank, Nat'l Ass'n*, No. 20-05012, ECF No. 1 (Apr. 27, 2020) (the "Adversary Proceeding") (attached as Ex. E to Mot. to Dismiss).

On May 11, 2020, Mr. Massie objected to Wells Fargo's motion for relief from stay. Obj., *Id.*, ECF No. 58 (May 11, 2020).[2]

On May 14, 2020, the Bankruptcy Court granted the Trustee's motion to dismiss the case with prejudice and denied as moot Mr. Massie's motion for stay and the First Amended Plan. *See* Dismissal Order.

On May 18, 2020, the Bankruptcy Court closed the adversary proceeding. *In re Massie*, No. 19-51593, ECF No. 63 (May 18, 2020).

On June 1, 2020, Mr. Massie appealed the Bankruptcy Order to this Court. Notice of Appeal. Mr. Massie argues on appeal that: (1) Wells Fargo filed "a false, fraudulent Official Form 410 Proof of Claim" before the bankruptcy court and "is not the owner of the debt, has no note and has never been in privity with [Mr.] Massie"; (2) the bankruptcy court "turn[ed] a blind eye and effectively condoned the perpetration of a fraud upon the court"; (3) the bankruptcy court denied Mr. Massie's "constitutional right to due process by denying him the right to be heard [in the] Adversary Proceeding"; (4) the bankruptcy court erred in concluding that Wells Fargo had standing to apply for relief from the automatic stay; and (5) the bankruptcy court erred in "permitting Wells Fargo . . . to file a Proof of Claim 410 asserting claims against the Debtor long discharged." Notice of Appeal at 2 (emphasis omitted).

That same day, the Court informed Mr. Massie that, by June 15, 2020, Mr. Massie was

---

[2] This was also docketed in the underlying bankruptcy proceeding. *See In re Massie*, No. 19-51593, ECF No. 56 (Apr. 27, 2020).

required to file "a notice with this Court either that appellant has filed with the Bankruptcy Court a designation and statement in accordance with Bankruptcy Rule 8009(a)(1)(B), or that the parties have prepared an agreed statement in accordance with [Rule] 8009(d), and attach to the notice a copy of such filing." Notice, ECF No. 5 (June 1, 2020) ("Designation Notice"). The Court further informed Mr. Massie that "[f]ailure to comply with this notice may result in the case being dismissed." *Id.*

On June 15, 2020, Mr. Massie filed what he titled a "statement of issues to be presented on appeal and designation of items to be included in the record on appeal." Appellant Ronald E. Massie Statement of Issues to Be Presented on Appeal and Designation of Items to Be Included in the Record on Appeal, ECF No. 6 (June 15, 2020) ("Designation").

On June 17, 2020, the Bankruptcy Court filed a notice on the docket of the Adversary Proceeding that Mr. Massie had not filed a designation or agreed statement as required by Rule 8009 in the Bankruptcy Court, nor paid the $298 filing fee. *Massie*, No. 20-05012, ECF No. 13 (June 17, 2020). That same day, that notice also was published on this Court's docket. *See* ECF No. 7 (June 17, 2020).

On December 23, 2020, Wells Fargo moved to dismiss the appeal. Mot. to Dismiss. Wells Fargo argues that dismissal is warranted because (1) Mr. Massie failed to pay the proper filing fee; (2) did not file a designation of record items in the proper court; and (3) despite notice, has failed to cure any of these deficiencies. Mot. to Dismiss at 7-10.

On January 13, 2021, Mr. Massie moved for an extension of time to file a response or reply to the motion to dismiss. Mot. for Extension of Time, ECF No. 11 (Jan. 13, 2021). On January 15, 2021, the Court granted the motion and provided Mr. Massie until February 10, 2021, to respond to the motion to dismiss. Order, ECF No. 12 (Jan. 15, 2021).

5

On March 5, 2021, Mr. Massie moved to continue all matters in his case. Mot. to Continue, ECF No. 15 (Mar. 5, 2021).

On March 9, 2021, Wells Fargo opposed Mr. Massie's motion to continue. Partial Opp'n to Debtor-Appellant's Mot. for Continuance in All Matters Under the A.D.A., ECF No. 16 (Mar. 9, 2021) ("Wells Fargo Opp'n").

## II.  STANDARD OF REVIEW

A district court has jurisdiction to review final judgments, orders, and decrees made by the bankruptcy courts. 28 U.S.C. § 158(a)(1). "[I]n bankruptcy appeals, the district court reviews the bankruptcy court's factual findings for clear error and its conclusions of law de novo." *In re Charter Commc'ns*, 691 F.3d 476, 482–83 (2d Cir. 2012); *see also Papadopoulos v. Gazes*, No. 14-CIV-3713 (KPF), 2014 WL 3928940, at *4 (S.D.N.Y. Aug. 12, 2014) ("In general, a district court reviews a Bankruptcy Court's findings of fact for clear error and its conclusions of law de novo." (internal quotation marks omitted)). "A finding is clearly erroneous when, although there is evidence to support it, the reviewing court on the entire evidence is left with the definite and firm conviction that a mistake has been committed." *In re Guadalupe*, 365 B.R. 17, 19 (D. Conn. 2007) (internal quotation marks omitted).

A court must liberally construe any *pro se* filing to raise the "strongest arguments it suggests." *Triestman v. Fed. Bureau of Prisons*, 470 F.3d 471, 474 (2d Cir. 2006); *see also Sykes v. Bank of Am.*, 723 F.3d 399, 403 (2d Cir. 2013); *Ruotolo v. I.R.S.*, 28 F.3d 6, 8 (2d Cir. 1994) (explaining that *pro se* litigants should be afforded "special solicitude" because they are not represented by counsel). However, "a *pro se* plaintiff is not exempt from complying with court orders and must diligently prosecute his case." *Mena v. City of New York*, No. 15-CV-3707, 2017 WL 6398728, at *2 (S.D.N.Y. Dec. 14, 2017). *Pro se* litigants also are "required to learn and

comply with procedural rules." *In re Truong*, 388 B.R. 43, 45 (S.D.N.Y. 2008), *aff'd*, 327 F. App'x 260 (2d Cir. 2009); *see also Edwards v. INS*, 59 F.3d 5, 8 (2d Cir. 1995) ("[W]hile a *pro se* litigant's pleadings must be construed liberally, . . . *pro se* litigants generally are required to inform themselves regarding procedural rules and to comply with them." (citations omitted)).

## III. DISCUSSION

### A. Mr. Massie's Motion to Continue

Mr. Massie alleges that, on February 10, 2021, he suffered an accident in Puerto Rico that left him with "a broken hip and a dislocated shoulder." Mot. to Continue at 2. He argues that he is "now a disabled person under the Americans with Disabilities Act," 42 U.S.C. § 12101 *et seq.* ("ADA"), which he claims "provides that the Court shall grant [him] a reasonable accommodation." *Id.* He requests that the Court "grant [him] a five[-]month continuance of all matters, until August 2nd, 2021."[3] *Id.*

Wells Fargo partially opposes to the motion, arguing that Mr. Massie's motion to continue is "cogent enough to demonstrate that [he] is capable of responding to Wells Fargo's motion to dismiss his appeal," Wells Fargo Opp'n at 1, and that the ADA "has no application to a bankruptcy appeal," *id.* at 2.

On balance, the Court agrees with Wells Fargo.

Mr. Massie offers no support for his contention that the ADA either requires or provides the Court authority to further continue proceedings in his case, nor does he provide sufficient explanation for why he has waited until approximately one month after his injuries were

---

[3] Though Mr. Massie alleges that he incurred his injuries on February 10, 2021, *see id.* at 2 – the same day his response to Wells Fargo's motion to dismiss was due to be filed, *see* Order, ECF No. 12 (Jan. 15, 2021) – the doctor's note attached to Mr. Massie's motion states that Mr. Massie had been a patient "since January 20, 2021," Mot. to Continue at 4. Mr. Massie has not explained this discrepancy. In any event, the Court does not base its decision to deny Mr. Massie's motion to continue on this ground.

allegedly incurred to request a continuance. Similarly, while Mr. Massie's motion addresses a continuance generally, it does not explain why his injury, allegedly incurred on February 10, 2021, the day his response to the motion to dismiss was due, *see* Order, ECF No. 12 (Jan. 15, 2021), was sufficiently severe to preclude him from replying to the motion to dismiss but not so severe as to preclude the filing of his motion to continue.

The Court therefore will deny Mr. Massie's motion to continue. *See Dietz v. Bouldin*, 136 S. Ct. 1885, 1892 (2016) (noting a district court's "inherent authority to manage [its] docket[] and courtroom[] with a view toward the efficient and expedient resolution of cases"). Given Mr. Massie's alleged health issues, however, the Court *sua sponte* will extend the time for Mr. Massie to file a motion for reconsideration until May 28, 2021.

### B. Wells Fargo's Motion to Dismiss

Under Rule 8003 of the Federal Rules of Bankruptcy Procedure, "[a]n appellant's failure to take any step other than the timely filing of a notice of appeal does not affect the validity of the appeal, but is ground only for the district court or [Bankruptcy Appellate Panel] to act as it considers appropriate, including dismissing the appeal." Fed. R. Bankr. P. 8003(a)(2). In considering dismissal, a court "should exercise its discretion given the factual circumstances of a particular case," and "should endeavor to explain why it is in the interest of justice to all parties, including secured and unsecured creditors, to dismiss a bankruptcy appeal on procedural grounds rather than to continue to the merits of the appeal." *In re Harris*, 464 F.3d 263, 272 (2d Cir. 2006).

District courts should "take into consideration whether [a party's] behavior evinces bad faith or a pattern of negligence; whether any other parties were prejudiced by the errant litigant's conduct; and whether the litigant should be granted the opportunity to rectify the problem." *Id.* at

272. "[B]ecause dismissal is a harsh sanction," courts must also consider "whether a lesser sanction would be appropriate." *Id.*

A notice of appeal "must . . . be accompanied by the prescribed fee." Fed. R. Bankr. P. 8003(a)(3). Additionally, a bankruptcy appellant "must file with the bankruptcy clerk and serve on the appellee a designation of the items to be included in the record on appeal and a statement of the issues to be presented"; "must file and serve the designation and statement within 14 days after (i) the appellant's notice of appeal as of right becomes effective under Rule 8002[] or (ii) an order granting leave to appeal is entered." Fed. R. Bankr. P. 8009(a)(1)(A)-(B).

Under Rule 8009, an appellant also must, "[w]ithin the time period prescribed by subdivision (a)(1)," either "order in writing from the reporter . . . a transcript of such parts of the proceedings not already on file as the appellant considers necessary for the appeal, and file a copy of the order with the bankruptcy clerk" or "file with the bankruptcy clerk a certificate stating that the appellant is not ordering a transcript." *Id.* 8009(b)(1)(A)-(B). Additionally, "[i]f the appellant intends to argue on appeal that a finding or conclusion is unsupported by the evidence or is contrary to the evidence, the appellant must include in the record a transcript of all relevant testimony and copies of all relevant exhibits." *Id.* 8009(b)(5).

Wells Fargo argues that Mr. Massie's appeal should be dismissed because Mr. Massie has failed to file the required filing fee, despite notice and an opportunity to cure, and also has failed to file a proper designation with the Bankruptcy Court clerk. Mot. to Dismiss at 7-8.

The Court agrees.

Both this Court and the Bankruptcy Court, on several occasions, noted on their dockets Mr. Massie's failure to pay the required filing fee associated with his appeal. *See* ECF No. 7 (June 17, 2020); *Massie v. Wells Fargo Bank, N.A.*, No. 20-05012, ECF No. 13 (June 17, 2020)

9

(attached as Exhibit F to Wells Fargo's Motion to Dismiss); *see also id.*, ECF No. 10 (May 28, 2020). To the extent that *in forma pauperis* status would be available to Mr. Massie as a Chapter 13 debtor, he also has not applied to proceed this way. *See Smith v. Nagle House, Inc.*, No. 05-CV-5129, 2005 WL 1773765, at *1 (S.D.N.Y. July 25, 2005) (dismissing bankruptcy appeal on appellant's failure to pay filing fee or proceed *in forma pauperis*). Despite the notices of deficiency provided by the Bankruptcy Court and this Court, he also has failed to move for an extension of time to file the fee or set forth any reason explaining why the fee could not be filed. Mr. Massie's failure to pay the requisite fee is itself a ground for dismissal.[4] *See Sydlar v. Swimelar*, No. 6:10-cv-34 (GLS/DRH), 2010 WL 2522362, at *1 (N.D.N.Y. June 14, 2010) (dismissing bankruptcy appeal *sua sponte* where, despite "a deficiency notice from the Bankruptcy Court and the denial of his application to proceed in forma pauperis, [the appellant] . . . failed to pay the requisite fee" (citing *Michalek v. Ring*, 131 F.3d 131 (2d Cir. 1997) (unpublished) (affirming district court's dismissal of a bankruptcy appeal based on a certificate of noncompliance stating that the fee was not paid, finding that "[b]ecause [the appellant] knowingly failed to pay the filing fee or apply for IFP status, the district court properly dismissed" the case))); *Smith*, 2005 WL 1773765, at *1 (dismissing case where appellants "neither paid the requisite filing fee for their appeal from the Bankruptcy Court's Order nor sought to proceed *in forma pauperis*").

Mr. Massie's "fail[ure] to designate items in the record of the Bankruptcy Court for this Court to review" also is a "ground[] for dismissal." *In re Finnimore*, No. 3:13-cv-744 (JBA), 2014 WL 1315589, at *3 (D. Conn. Mar. 31, 2014).

---

[4] Even if the Court received Mr. Massie's fee after issuing this Order, it nonetheless grants Wells Fargo's motion to dismiss on independent grounds, namely Mr. Massie's failure to comply with Rule 8009, for the reasons described below.

On June 1, 2020, this Court provided notice to Mr. Massie that, by June 15, 2020, he had to file "a notice with this Court either that appellant has filed with the Bankruptcy Court a designation and statement in accordance with Bankruptcy Rule 8009(a)(1)(B), or that the parties have prepared an agreed statement in accordance with [Rule] 8009(d), and attach to the notice a copy of such filing." Designation Notice. The Court further informed Mr. Massie that "[f]ailure to comply with this notice may result in the case being dismissed." *Id.*

Mr. Massie's "designation," as filed in this Court, suffers from multiple deficiencies, including that there is no indication on the record that a Rule 8009 designation and statement was ever filed, as required, in the Bankruptcy Court. *See* Designation Notice (noting Mr. Massie must file "a notice with this Court . . . that Appellant has filed with the Bankruptcy Court a designation and statement in accordance with [Rule] 8009(a)(1)(B)" or the case "may be dismissed"); Fed. R. Bankr. P. 8009(a)(1)(A) ("The appellant must file with the bankruptcy clerk and serve on the appellee a designation of the items to be included in the record on appeal and a statement of the issues to be presented."). Mr. Massie also has not indicated anywhere in his proffered designation whether he has ordered a transcript of the relevant proceedings or filed a certificate with the bankruptcy clerk stating that he is not ordering a transcript. *Id.* 8009(b)(1)(A)-(B).

In the nine months since Mr. Massie initiated this appeal, *see* Notice of Appeal, Mr. Massie has not attempted, despite notice, to correct his deficient designation to comply with Rule 8009 or file the designation in Bankruptcy Court, as required by the rule. The Court therefore has sufficient grounds to dismiss Mr. Massie's appeal. *See* Fed. R. Bankr. P. 8003(a)(2) (a district court may "act as it considers appropriate, including dismissing the appeal," where the appellant "fail[s] to take any step other than the timely filing of a notice of appeal."). Because "dismissal is

a harsh sanction," however, the Court considers "whether a lesser sanction would be appropriate" as well as whether Mr. Massie's behavior "evinces bad faith or negligence; whether any parties were prejudiced by [his] conduct; and whether [he] should be granted the opportunity to rectify the problem." *In re Harris*, 464 F.3d at 272; *see also In re Hawkins*, 295 F. App'x 452, 453-54 (2d Cir. 2008) (vacating district court's dismissal of bankruptcy appeal where the lower court "did not discuss the *Harris* factors, and . . . did not cite *Harris*," or explain why it was "in the interest of justice to all parties to dismiss the appeal" in its decision (internal quotation marks omitted)).

This Court explicitly instructed Mr. Massie to comply with Rule 8009 by a certain deadline and he had notice that his appeal could be dismissed if he failed to comply. *See* Designation Notice. Both the Bankruptcy Court and this Court also informed Mr. Massie that he had failed to pay the requisite filing fee. *See* ECF No. 7; *Massie v. Wells Fargo Bank, N.A.*, No 20-05012, ECF No. 13 (June 17, 2020). Significantly, Mr. Massie has demonstrated an awareness of filings on the docket and deadlines in his case; he has filed multiple motions in this Court, including a motion for extension of time to respond to Wells Fargo's motion to dismiss and a motion to continue. *See* Mot. for Extension of Time, Mot. to Continue; *see also Heine v. Wells Fargo Bank, NA*, Nos. 20-10343 (SDW), 20-10344 (SDW), 20-10268 (SDW), 2020 WL 7417812, at *3 (D.N.J. Dec. 18, 2020) (interpreting a *pro se* bankruptcy appellant's failure to comply with the Bankruptcy Rules as willful where the appellant had "demonstrated knowledge and familiarity of the filing deadlines that she was required to meet in the present Bankruptcy Appeal[]"); *In re Tampa Chain Co.*, 835 F.2d 54, 55-56 (2d Cir. 1987) (directing a district court to evaluate in a bankruptcy appeal whether a party's delay and noncompliance is the result of bad faith, negligence, or indifference, any of which could justify dismissal).

Moreover, the failure of Mr. Massie to properly file a designation and statement under Rule 8009 also has resulted in an incomplete record before this Court such that his appeal cannot proceed on the merits. *See In re Lynch*, 430 F.3d 600, 605 (2d Cir. 2005) ("[A] bankruptcy appeal cannot proceed without a [d]esignation and [s]tatement."); *id.* at 603 ("Filing a Designation and Statement is mandatory."). Indeed, Mr. Massie primarily alleges in his notice of appeal that Wells Fargo committed "fraud" upon the bankruptcy court in allegedly filing a false proof of claim, *see* Designation at 2-3, a question the Court could not, and will not, evaluate on the merits without access to the record below.

Additionally, Mr. Massie's deficient filings have stalled the development of the case, preventing Wells Fargo from an expedient resolution of the matter. *See Heine*, 2020 WL 7417812, at *3 (finding that "the appellees [were] prejudiced by [a]ppellant's failure to prosecute the appeals," as there had been "no movement in either appeal for four months, leaving the appellees unable to address the merits of the appeals"); *Johnston v. Johnston*, 536 B.R. 576, 588 (D. Vt. 2015) (in dismissing Chapter 13 bankruptcy appeal, finding that prejudice was "likely to ensue" where appellees would be "required to file responsive briefs to an appeal that appears to lack both standing and merit," and would "cause those parties to incur unnecessary expenses to continue to litigate a matter that has been dismissed"); *id.* (observing that "any continuation in this appeal would thus not only prejudice Debtor . . . and Debtor's creditors, but would leave this case pending without furthering the interests of justice").

Finally, given Mr. Massie's *pro se* status and the nature of the proceeding, the imposition of lesser sanctions, particularly monetary sanctions, likely would not be appropriate. *See Heine*, 2020 WL 7417812, at *3 (finding dismissal of bankruptcy appeal was warranted as "it is unlikely that alternative sanctions such as the imposition of fines, costs or fees would be effective in light

13

of Appellant's *pro se* status"); *In re Rahl*, Nos. 96-12875, 1:03-CV-941, 2008 WL 268444, at *2 (N.D.N.Y. Jan. 30, 2008) (finding that where a bankruptcy defendant was "explicitly instructed to comply with [the bankruptcy rules] by a certain deadline . . . and [he] was on notice that his appeal would be dismissed outright should he fail to comply," "no lesser sanction than dismissal [wa]s appropriate" even where there was "no hint of bad faith or a pattern of negligence" on the part of appellant).

Accordingly, the Court will grant Wells Fargo's motion to dismiss Mr. Massie's appeal.

**IV. CONCLUSION**

For the reasons discussed above, the Court **GRANTS** the motion to dismiss and **DENIES** Mr. Massie's motions to continue the proceedings. Given Mr. Massie's alleged health issues, however, the Court *sua sponte* extends the time for Mr. Massie to file a motion for reconsideration of this Order until **May 28, 2021**.

The Clerk of Court is respectfully directed to close this case.

**SO ORDERED** at Bridgeport, Connecticut, this 12th day of March, 2021.

/s/ Victor A. Bolden  
VICTOR A. BOLDEN  
UNITED STATES DISTRICT JUDGE