UNITED STATES DISTRICT COURT
DISTRICT OF CONNECTICUT

RONALD MASSIE,
    *Appellant*,

v.

Notice
U.S. TRUSTEE,

WELLS FARGO BANK, N.A.,
    *Appellee*,

ROBERTA NAPOLITANO,
    *Interested Party*.

No. 3:20-cv-00740 (VAB)

**RULING AND ORDER ON MOTION FOR RECONSIDERATION**

Ronald Massie ("Debtor" or "Appellant") filed for bankruptcy under Chapter 13 of 11 U.S.C. §§ 101 *et seq.* ("Chapter 13"). The Bankruptcy Court found that Mr. Massie was not eligible to be a Chapter 13 debtor and that cause existed to dismiss Mr. Massie's case with prejudice because it was filed without a legitimate bankruptcy purpose and he could not propose a confirmable Chapter 13 plan. *See In re Massie*, No. 19-51593, ECF No. 40 (May 14, 2020) ("Bankruptcy Order") (attached as Ex. G to Wells Fargo Bank, N.A.'s Mot. to Dismiss Appeal, ECF No. 9 (Dec. 23, 2020)). The Bankruptcy Court therefore dismissed the case with prejudice and denied as moot several other pending motions, including Mr. Massie's motion for an emergency stay given the COVID-19 pandemic. *Id.* at 10.

On June 1, 2020, Mr. Massie appealed the Bankruptcy Order to this Court. His appeal raised whether the Bankruptcy Court "condoned . . . fraud upon the court"; denied Mr. Massie's right to due process by allegedly denying him the right to be heard in a related adversary proceeding; erred in concluding that claimant Wells Fargo Bank, N.A. ("Wells Fargo") had

1

standing to apply for relief from an automatic stay; or erred in permitting Wells Fargo to file a certain proof of claim. Notice of Appeal and Statement of Election to Have the Appeal Heard by the U.S. District Ct., ECF No. 1 (May 28, 2020) ("Notice of Appeal").

On December 23, 2020, Wells Fargo moved to dismiss the appeal on the grounds that Mr. Massie failed to pay the required filing fee for his appeal or timely file a designation of the record in the proper court. *See* Wells Fargo Bank, N.A.'s Mot. to Dismiss Appeal, ECF No. 9 (Dec. 23, 2020) ("Mot. to Dismiss"). Mr. Massie also moved for a continuance of the case. *See* Mot. for Continuance in All Matters Under the A.D.A., ECF No. 15 (Mar. 5, 2021) ("Mot. to Continue").

On March 12, 2021, this Court granted Wells Fargo's motion to dismiss and denied Mr. Massie's motion to continue the proceedings. Ruling and Order on Mot. to Dismiss Bankruptcy Appeal, ECF No. 19 (Mar. 12, 2021) ("Dismissal Order"). The Court also extended the time for Mr. Massie to file a motion for reconsideration of its Dismissal Order, which Mr. Massie filed *pro se* on May 27, 2021. Appellant's Mot. for Recons. of Order of March 12, 2021 [Doc. 19], ECF No. 21 (May 27, 2021) ("Mot. for Recons."). Wells Fargo filed a response on June 4, 2021. Prelim. Resp. by Wells Fargo Bank, N.A. to Debtor-Appellant's "Motion for Reconsideration" of Dismissal Order, For Clarification Purposes Only, ECF No. 22 (June 4, 2021) ("Appellee Response").[1]

---

[1] Wells Fargo "believes that although requested and styled as a motion for reconsideration, Debtor's motion is, in actuality, a motion for rehearing." Appellee Response at 2. According to Wells Fargo, Mr. Massie's motion "must . . . be treated as a motion for rehearing rather than as a motion for reconsideration" because "Debtor's motion challenges the Court's Dismissal Order following the clerk's entry of judgment dismissing Debtor's bankruptcy appeal." *Id*. Wells Fargo, therefore, did not file a response because "[a]n opposing party is . . . prohibited from filing a substantive response to a motion for rehearing in a bankruptcy appeal unless the Court requests one." *Id*. at 2–3 (emphasis omitted) (citing Fed. R. Bankr. P. 8022(a)(3)). The Court treats Mr. Massie's motion as a motion for reconsideration where "the moving party can point to controlling decisions or data that the court overlooked—matters, in other words, that might reasonably be expected to alter the conclusion reached by the court." *Shrader v. CSX Transp., Inc.*, 70 F.3d 255, 257 (2d Cir. 1995); *see, e.g.*, *In re Kwong*, No. 3:17-CV-00496 (SRU), 2017 WL

For the reasons discussed below, the Court **DENIES** Mr. Massie's motion for reconsideration.

I.   **STANDARD OF REVIEW**

Rule 59(e) of the Federal Rules of Civil Procedure allows a party to move to "alter or amend a judgment" no later than 28 days after the entry of the judgment. Fed. R. Civ. P. 59(e). "The standard for granting [a motion for reconsideration] is strict, and reconsideration will generally be denied unless the moving party can point to controlling decisions or data that the court overlooked—matters, in other words, that might reasonably be expected to alter the conclusion reached by the court." *Shrader v. CSX Transp., Inc.*, 70 F.3d 255, 257 (2d Cir. 1995); *Lora v. O'Heaney*, 602 F.3d 106, 111 (2d Cir. 2010).

"A motion for reconsideration is committed to the sound discretion of the court." *Nygren v. Greater N.Y. Mut. Ins. Co.*, No. 3:07-CV-462 (DJS), 2010 WL 3023892, at *2 (D. Conn. Aug. 2, 2010) (internal citation and quotation marks omitted); *see also Lesch v. United States*, 372 F. App'x 182, 182 (2d Cir. 2010) ("The standard of review of a district court order granting or denying a motion for [reconsideration under both Rule 59(e) and Rule 60(b)] is whether the order constituted an abuse of discretion." (citing *Devlin v. Transp. Commc'ns Int'l Union*, 175 F.3d 121, 132 (2d Cir. 1999))).

A court must liberally construe any *pro se* filing to raise the "strongest arguments it suggests." *Triestman v. Fed. Bureau of Prisons*, 470 F.3d 471, 474 (2d Cir. 2006); *see also Sykes v. Bank of Am.*, 723 F.3d 399, 403 (2d Cir. 2013); *Ruotolo v. I.R.S.*, 28 F.3d 6, 8 (2d Cir. 1994) (explaining that *pro se* litigants should be afforded "special solicitude" because they are not represented by counsel). However, "a *pro se* plaintiff is not exempt from complying with court

---

2661627 (D. Conn. June 20, 2017) (considering a motion for reconsideration concerning the court's dismissal of a bankruptcy appeal for lack of subject matter jurisdiction).

3

orders and must diligently prosecute his case." *Mena v. City of New York*, No. 15-CV-3707, 2017 WL 6398728, at *2 (S.D.N.Y. Dec. 14, 2017). *Pro se* litigants also are "required to learn and comply with procedural rules." *In re Truong*, 388 B.R. 43, 45 (S.D.N.Y. 2008), *aff'd*, 327 F. App'x 260 (2d Cir. 2009); *see also Edwards v. INS*, 59 F.3d 5, 8 (2d Cir. 1995) ("[W]hile a *pro se* litigant's pleadings must be construed liberally, . . . *pro se* litigants generally are required to inform themselves regarding procedural rules and to comply with them." (citations omitted)).

## II. DISCUSSION

A motion for reconsideration should be granted only where the defendant identifies "an intervening change of controlling law, the availability of new evidence, or the need to correct a clear error or prevent manifest injustice." *Virgin Atl. Airways, Ltd. v. Nat'l Mediation Bd.*, 956 F.2d 1245, 1255 (2d Cir. 1992) (internal citations omitted); *Kolel Bell Yechiel Mechil of Tartikov, Inc. v. YLL Irrevocable Tr.*, 729 F.3d 99, 104 (2d Cir. 2013).

Mr. Massie argues that reconsideration is warranted because "[m]ovant is not even counsel for the proper party before the Court" and "this Court issued its grant of the Motion to Dismiss Appeal . . . on the narrow technical grounds of a claim . . . that the required filing fee was not paid." Mot. for Recons. at 2 (emphasis omitted).

As to the argument that "[m]ovant is not even counsel for the proper party before the Court," Mr. Massie alleges that Wells Fargo's counsel "file[d] his Appearance as representing the entity 'Wells Fargo Bank, National Association' . . . . [t]hen file[d] his Motion to Dismiss, reciting 'Wells Fargo Bank, N.A.,'" which is a "faux-identity [that] provides a convenient opacity as to the true nature of the claim and claimant." *Id.* at 2, 8–9 (emphasis omitted) (citing Mot. to Dismiss). According to Mr. Massie, "adverse counsel cannot represent a creditor as the Wells Fargo Bank, National Association [because] that entity has no funds at risk." *Id.* at 8. Mr.

4

Massie also cites to cases that he says "st[an]d for the proposition that a plaintiff (Bank) [is] required to bring suit in its actual, legal name, and not in some variant or trade name." *Id*. at 9 (citing *America's Wholesale Lender v. Pagano*, 87 Conn. App. 474 (2005) and *America's Wholesale Lender v. Silberstein*, 87 Conn. App. 485 (2005)). Mr. Massie relies on these cases to question the identity, and challenge the standing, of Wells Fargo.

Regarding the unpaid fees, Mr. Massie says that "when he called the District Court Clerk to inquire as to payment of fees, he was advised that no fee was owing." *Id*. at 3. He allegedly later realized a fee was due and so he "purchased a cashier's check in the requisite amount . . . and submitted same to the U.S. District Court [C]lerk." *Id*. According to Mr. Massie, "the [C]lerk of the District Court returned the cashier's check back to Debtor, indicating that no fee was due to the Court by the Debtor. Only thereafter, the District Court [on March 12, 2021] dismissed the Appeal for failure to remit filing fees." *Id*. at 3–4. Mr. Massie then appears to have realized that the fee "[was] actually payable to the originating court, the Bankruptcy Court," and so on March 23, 2021 "purchased a second cashier's check," which "the Bankruptcy Court accepted and cleared . . . after this District Court issued its Ruling on Dismissal . . . ." *Id*. at 3–4; Ex. A to Mot. for Recons., ECF No. 21 (May 27, 2021) ("Ex. A") (cashier's check dated March 23, 2021). Mr. Massie asserts that "the specific sequence of events in the case at [b]ar would lead to the Court's reputation as a fair and impartial institution being best upheld by vacating a dismissal based upon non-payment, where ultimately payment had been tendered, and equally important, accepted and retained by the [c]ourts." Mot. for Recons. at 3–4.

As to the incomplete record, Mr. Massie "concede[s] [that he] floundered his way through the underlying bankruptcy court matters . . . and through the [m]otion [p]ractice before this District Court sitting as Bankruptcy Appellate Panel on appeal of the underlying bankruptcy

court Dismissal Order." *Id*. at 4. He further asserts that he "did ultimately file the requisite papers with the Court—although at least at first, [he] again filed them in the U.S. District Court, and not with the clerk of the Bankruptcy Court." *Id*. at 5 (emphasis omitted). Mr. Massie says that "[i]t is beyond dispute that [he] filed the requisite papers on June 15, 2020." *Id*. (citing Designation of Items, ECF No. 6 (June 15, 2020) ("Designation of Items")). He indicates that he had incorrectly filed them with the District Court but then "regain[ed] his footing and did re-file the matters before the clerk of the Bankruptcy Court." *Id*.

Based on these arguments, Mr. Massie moves the Court to reconsider its grant of dismissal.

The Court disagrees.

Wells Fargo is a proper party. Mr. Massie cites to cases establishing that,

> [i]n order to confer jurisdiction on the court the plaintiff must have an actual legal existence, that is he or it must be a person in law or a legal entity with legal capacity to sue. . . . Although a corporation is a legal entity with legal capacity to sue, a fictitious or assumed business name, a trade name, is not a legal entity. . . . Because the trade name of a legal entity does not have a separate legal existence, a plaintiff bringing an action solely in a trade name cannot confer jurisdiction on the court.

*Pagano*, 87 Conn. App. at 477 (internal quotations and citation omitted); *see Silberstein*, 87 Conn. App. at 486 ("We conclude that because a trade name is not an entity with legal capacity to sue, the corporation has no standing to litigate the merits of the case."); *see also Ferrara v. Munro*, 3:16-CV-950 (CSH), 2017 WL 132834, at *2 (D. Conn. Jan. 13, 2017) (removing a party as plaintiff where it was "not a legal entity"). But Connecticut courts have clearly established that "Wells Fargo Bank, N.A. . . . is a legal entity which has capacity to sue." *Wells Fargo Bank, N.A. v. Speer*, No. CV116010223, 2013 WL 6671234, at *1 (Conn. Super. Ct. Nov. 21, 2013).

6

As to both the failure to file the required filing fee and the failure to designate items in the record of the Bankruptcy Court for this Court to review, Mr. Massie also has not provided any decisions or data that would alter or amend the Court's judgment. Mr. Massie claims that he ultimately paid the filing fee to the Bankruptcy Court, which accepted and cleared his cashier's check "after this District Court issued its Ruling on Dismissal." Mot. for Recons. at 3.

Mr. Massie does not cite to any caselaw, however, indicating that payment of the fee is a proper basis for the Court to reverse its dismissal. Instead, Mr. Massie focuses on questioning the "Court's reputation as a fair and impartial institution" if it were to not vacate the dismissal after his late payment was received by the Bankruptcy Court. *Id*. at 3–4. But, as noted in the Court's Dismissal Order, "[b]oth this Court and the Bankruptcy Court, on several occasions, noted on their dockets Mr. Massie's failure to pay the required filing fee associated with this appeal." Dismissal Order at 9–10 (citing ECF No. 7 (June 17, 2020)); *Massie v. Wells Fargo Bank, N.A.*, No. 20-05012, ECF No. 13 (June 17, 2020) (attached as Ex. F to Mot. to Dismiss, ECF No. 9 (Dec. 23, 2020)); *see also id.*, ECF No. 10 (May 28, 2020)). Despite these notices, Mr. Massie did not purchase the cashier's check sent to the Bankruptcy Court until eleven days after this Court issued its Dismissal Order. *See* Ex. A (cashier's check dated March 23, 2021).

Even if Mr. Massie's delayed fee submission were sufficient to vacate the dismissal of this case, he has still failed to properly designate items in the record for this Court to review. Citing to the Designation of Items, Mr. Massie asserts that "[i]t is beyond dispute that the Debtor filed the requisite papers on June 15, 2020." Mot. for Recons. at 5. This Court reviewed that submission before issuing its March 12, 2021 Dismissal Order and found that not only was Mr. Massie's designation not "filed, as required, in the Bankruptcy Court," it was also a "deficient designation [that did not] comply with [Fed. R. Bankr. P.] 8009 . . . ." Dismissal Order at 11.

7

Because Mr. Massie had been given many notices and opportunities to file a proper designation, and considerable latitude due to his status as a *pro se* litigant, and still could not comply, the Court dismissed his case. Mr. Massie has not provided the Court any caselaw, data, or evidence that reveals a "need to correct a clear error or prevent manifest injustice," *Virgin Atl. Airways, Ltd.*, 956 F.2d at 1255, or "that might reasonably be expected to alter the conclusion reached by the court," *Shrader*, 70 F.3d at 257.

Accordingly, the motion for reconsideration will be denied.

### III.    CONCLUSION

For the foregoing reasons, the motion for reconsideration by Mr. Massie is **DENIED**.

**SO ORDERED** at Bridgeport, Connecticut, this 4th day of February, 2022.

    /s/ Victor A. Bolden
Victor A. Bolden
United States District Judge